U. S. DISTRICT COURT
Eastern District of Louisiana

FILED AUG 28 2007

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LORETTA G. WHYTE
Clerk  *EM*

| | |
|---|---|
| NANCY COLLINS CATER, R. GLENN CATER, ELLIS SANDIFER, RUTH SANDIFER, CHARMAINE SANDIFER, LAUREN DEAL, LAWRENCE DEAL, JR., PHEDRE MITCHELL, LACEY DEAL, WALTER L. EVANS, SR., DEBORAH DEDE EVANS, JOY OLIVIA EVANS, ROBBIE J. MILLIET, RONNIE MILLIET, DONALD SANDER, DIANE SANDER, DAYNA MARIE JEANDRON, RUTH H. AUDLER, RAYMOND AUDLER, ASHLEY AUDLER, DAWN MARIE AUDLER, RONALD AUDLER, AUDLER'S JEWELERS, APRIL MAYEUX, PRESTON J. MAYEUX, AVE MAYEUX, GRACE E. ARNOLD, LIONEL MUSE, CHARSSIE SMITH MUSE, CHARLESTON H. SMITH, CLARENCE SMITH, MARY SALZER, MUNSON FLETCHER, MARY FLETCHER, EDUARDO SHAMAH, ANNA G. FEHN, GEORGE C. FEHN, JR., and JOSEPH COLLINS | CIVIL ACTION NO. 07-4887 07-4887 SECT. K MAG. 2 |
| VERSUS | |
| THE UNITED STATES OF AMERICA AND THE ARMY CORPS OF ENGINEERS | MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

___ Fee 350.00
___ Process___
 X  Dktd___
___ CtRmDep___
___ Doc. No.___

1

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come the Plaintiffs, as listed above, all residents of the Eastern District of Louisiana, who for their claim against Defendants, The United States of America and The United States Army Corps of Engineers (hereinafter "Corps of Engineers"), respectfully aver:

I.

At all times pertinent, Plaintiffs were persons (natural or juridical) of the full age of majority and /or having capacity to sue and residents of, or having property at issue in this lawsuit, in the Eastern District of Louisiana.

II.

Defendant, The United States of America, at all times pertinent hereto, was a body politic and sovereign that may be sued for civil liability in accordance with the Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq.*

III.

The U.S. Army Corps of Engineers is a division of the United States government under the direct jurisdiction of the Department of the Army.

IV.

This Court has jurisdiction over this matter under 28 U.S.C. §1331, 28 U.S.C. §2671 and 28 U.S.C. 1346(b) and, alternatively, 28 U.S.C. §1333.

V.

Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, because a substantial part of the defendants' negligent and wrongful conduct or omissions and the damage to plaintiffs occurred in the Eastern District of Louisiana and all the property that is the subject of this action is situated in this judicial district.

VI.

On August 29, 2005, Hurricane Katrina made landfall in southeastern Louisiana, and caused wind and widespread water damage to Orleans Parish, St. Bernard Parish, and various other parishes.

VII.

The Mississippi River Gulf Outlet ("MRGO") is a navigable waterway constructed under the authority of Public Law 455, 84th Congress, 2nd Session, approved March 29, 1956, substantially in accordance with the recommendations of the Army Corps' chief engineers as contained in House Document 245, 82nd Congress, 1st Session.

VIII.

The MRGO is a deep water channel constructed by the Corps in the late 1950s and early 1960s. It is approximately 76 miles long and runs generally on a northwest direction from Breton Sound in the Gulf of Mexico

3

through the parishes of St. Bernard, Plaquemines, and Orleans Parish to New Orleans, connecting with the Gulf Intercoastal Waterway and the Inner Harbor Navigation Canal ("the Industrial Canal"). The MRGO provides a navigation channel for vessels to transit from the Gulf of Mexico to several wharf facilities on the Industrial Canal in the Port of New Orleans.

IX.

The MRGO has been acknowledged as a "navigation aid", or having a navigational purpose, as opposed to a flood control project by the United States Government and, accordingly, this action is not precluded by any of the purported immunity provisions of the Mississippi Flood Control Act of 1928, as amended, 33 U.S.C. § 702(a), *et seq.*

X.

The design and construction of the MRGO was flawed in several respects, including, but not limited to, causing a funnel or conduit effect for storm-driven surges from the Gulf of Mexico, which significantly increased the storm surge volume and force as it traveled through St. Bernard Parish and Orleans Parish to the Industrial Canal and Lake Pontchartrain. Also, the funnel effect of the MRGO resulted in substantial forces being exerted against levees and spoil banks in Orleans and St. Bernard Parishes. Additionally, the design and construction of the MRGO caused destruction to the surrounding

wetlands. Further, the Corps of Engineers failed to properly maintain the MRGO and failed to properly handle silt or maintaining of the designated 36 foot depth, which thereby increased the funneling effect of the waterway into the Industrial Canal and Lake Pontchartrain.

XI.

When Hurricane Katrina struck Southwest Louisiana on the morning of August 29, 2005, it pushed before it a substantial storm surge. Because of the Corps' defective design, construction, and maintenance of the MRGO, Katrina's storm surge gained enormous size, intensity and destructive power as it raced up the MRGO toward the Industrial Canal. When Katrina's storm surge reached inhabited areas, then the Industrial Canal, it caused breaches of levees, and other similar and /or related structures on the MRGO and the Industrial Canal, and together with the destruction of the coastal habitat protecting Southwest Louisiana, and resulted in monumental flooding of the Lower 9th Ward, New Orleans East, St. Bernard Parish, and other areas in this judicial district.

XII.

The Corps of Engineers breached its obligation to design, construct, operate, maintain, and repair the MRGO in such a manner as to avoid having it pose a threat to the residents like plaintiffs.

XIII.

Each plaintiff has complied with all statutory requirements before filing this lawsuit against the defendant(s) with respect to this incident.

XIV.

Defendants may be sued pursuant to the FTCA and/or other applicable statutes for the negligence and/or strict liability in the design, construction, operation, maintenance, and repair of the MRGO.

XV.

The breaches and failures of the levees and other structures along the Industrial Canal, and the hazardous conditions created in and along the MRGO, resulted in the inundation of the Lower 9th Ward, New Orleans East, St. Bernard Parish, and other areas within this judicial district, and this inundation was directly and proximately caused by the Corps of Engineers' negligence in design, construction, operation, repair, and maintenance of the MRGO.

XVI.

The defendants knew or should have known that their acts and omissions would proximately cause the damages suffered by each plaintiff.

XVII.

The defendants are also strictly liable for the damages occasioned by the vices and/or defects in MRGO and the levees and related structures along the MRGO, the Industrial Canal, and other waterbodies, in accordance with Louisiana Code Art. 2317, *et. seq.*

XVIII.

In addition to the damage to Plaintiffs' property, dwellings, vessels, vehicles, and contents as a result of these levee breaches, failure of other related structures, and the defects in the MRGO, Plaintiffs also sustained further damages in the form of substantially decreased valuation of their properties; increased living expenses necessitated by the uninhabitable condition of their property and dwellings; cost of temporary repairs to their property; cost of permanent repairs to their property; cost of replacing their lost/damaged possessions; the mental/emotional scars associated with having their properties, dwellings and/or personal possessions washed away and destroyed; and other damage caused by defendants, the MRGO and these levee breaches.

XIX.

Defendants are liable for all damages sustained by Plaintiffs as a result of the foregoing, including but not limited to destruction of and environmental

contamination of Plaintiffs' properties, dwellings and contents; decreased valuation of their properties; mental anguish; emotional distress; inconvenience; loss of use of property; additional living expenses; fear of future injury, and other associated damages.

XX.

Plaintiffs request trial by jury on all issues.

WHEREFORE, Plaintiffs, pray that after due proceedings are had, there be judgment herein in their favor and against Defendants, the United States of America and the Corps of Engineers, for all losses, damages, and expenses due to damage caused by levee breaches, costs, attorneys' fees and legal interest; and for all general and equitable relief the Court may deem just in the premises.

Respectfully submitted,

R. Glenn Cater (#4048)
Cater & Associates, LLC
124 South Clark Street
New Orleans, Louisiana 70119
Phone: (504) 485-5888
Fax: (504) 485-5958
Email: gcater@caterlaw.com

8

**PLEASE SERVE:**

**United States Attorney, E.D. La.**
**Hale Boggs Federal Building**
**500 Poydras Street, Suite B-210**
**New Orleans, LA 70130**

**United States Attorney General**
**950 Pennsylvania Avenue, N.W.**
**Room B-324**
**Washington, D.C. 20530**

**United States Army Corps of Engineers**
**New Orleans Division**
**501 Magazine Street, 2nd Floor**
**New Orleans, LA 70130**